# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) CR 9-105 |
|---|---|
| v. | ) |
| KENNETH V. MICHAEL | |

## OPINION AND ORDER

### OPINION

In April, 2004, Defendant pleaded guilty to two Counts, of violating 21 U.S.C. § 846 and 18 U.S.C. § 1956. On August 15, 2014, he was sentenced to a term of 120 months imprisonment at each Count, to run concurrently. On December 7, 2015, Defendant filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255.[1] The Motion asserts that counsel was ineffective for failing to file an appeal; failing to properly deal with the safety valve and offense level with regard to sentencing; and failing to object to a stipulation in the plea agreement. Defendant later supplemented his Motion, again asserting instances of ineffective assistance regarding Defendant's plea and sentence. Then, on April 6, 2017, Defendant requested that his Motion to Vacate be held in abeyance, and that he be granted the opportunity to submit additional supporting materials. As a basis for this request, Defendant averred that he had become aware of an unspecified fraud, by officers of the Court, upon the Court. I granted Defendant's request, allowing him until July 13, 2017 to submit additional materials.

Defendant then filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, alleging that his indictment was void. Alongside the Motion to Dismiss, he filed a Motion to

---

[1] The Motion replaced an earlier Section 2255 Motion, which Defendant withdrew pursuant to Miller notice. Judge Cercone presided over this matter, until it was transferred to my docket on November 30, 2016.

1

Compel Production of Grand Jury Materials, and a Motion for Bail Pending Motion to Dismiss. Each of these Motions centered on Defendant's contention that the indicting grand jury was in existence longer than permitted by law, and was thus expired when the indictments were returned. The Government responded to Defendant's Motions. The Motions were then denied in three separate Orders dated May 9, 2017 ("May 9 Orders").

Presently, Defendant has filed a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e)(e), seeking reconsideration of the May 9 Orders. I have now considered Defendant's Reply, which he filed contemporaneously with his Rule 59(e) Motion. Because Defendant reasserts arguments presented in prior petitions, to which the Government already responded, no further response from the Government is required. Moreover, I consider Defendant's submissions according to the well-established liberal standards afforded pro se litigants.

"[A] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). Reconsidering this Court's Orders of May 9, 2017 is not justified, as no grounds for reconsideration are extant.[2]

Although Defendant was not named in the original indictment, a superseding indictment against him was filed on June 15, 2010. The Government represents, and Defendant does not dispute, that grand jury Panel ZZ was in session and had not expired at that time. The process of successive grand juries does not create a defect in the indictment or grand jury procedure, or

---

[2] It is unclear whether Defendant intends to supplement his Section 2255 Motion with an attack on this Court's subject matter jurisdiction, or instead to solely raise the challenge via the independently filed Motion to Dismiss. A motion alleging lack of jurisdiction must be made while a case is still "pending," pursuant to Fed. R. Crim. P. 12(b)(2). See, e.g., United States v. Abuhouran, No. 95-560, 2003 U.S. Dist. LEXIS 3219 (E.D. Pa. Jan. 23, 2003).

otherwise provide a basis to challenge this Court's jurisdiction.  See, e.g., United States v. Dyer, No. 15-115, 2016 U.S. Dist. LEXIS 165974 (E.D. Wis. Dec. 1, 2016); United States v. Plaskett, No. 07-60, 2008 U.S. Dist. LEXIS 8561 (D.V.I. Feb. 4, 2008) (collecting cases).  As regards the disclosure of grand jury materials, such disclosure requires a "particularized need … which outweighs the public interest in secrecy." United States v. Jackson, 363 Fed. Appx. 159, 161 (3d Cir. Feb. 1, 2010) (quoting United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989)).  A "particularized need" is required because "[a]s a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." Id.  Here, in light of the fact that his jurisdictional challenge is without merit, and the lack of any credible suggestion of impropriety in the grand jury proceedings, Defendant has not shown the required need. Accordingly, there are no grounds to reconsider, alter, or amend, this Court's May 9 Orders.

As a final matter, Defendant appears to challenge the authority of Government counsel of record to act on the Government's behalf, and requests both that their submissions to the Court be stricken and that they supply records confirming their positions.  The authority of Government counsel is readily verifiable through publicly available sources, such as the United States Department of Justice website.  I decline to take the requested action.

For the foregoing reasons, Defendant's Motion to Alter or Amend Judgment, and all requests contained therein, will be denied.  Defendant's Section 2255 Motion, and its challenges to counsel's ineffectiveness at the plea and sentence phases, shall remain in abeyance until July 13, 2017.  An appropriate Order follows.

# ORDER

AND NOW, this 15th day of June, 2017, Defendant's Motion to Alter or Amend Judgment is DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court