IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 9-105 |
| | ) | CV 15-1594 |
| v. | | |
| KENNETH MICHAEL | | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty to two Counts, one each of conspiracy to possess with intent to distribute in violation of 21 U.S.C. § 846, and conspiracy to engage in money laundering in violation of 18 U.S.C.§ 1965(h). On August 15, 2014, the Court sentenced him to a term of 120 months imprisonment at each Count, to run concurrently, followed by a term of supervised release. On August 11, 2015, Defendant filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. The Court issued a Miller notice, notifying Defendant that he must make an election by December 7, 2015. Defendant sought and received leave to withdraw his Motion to Vacate, and to submit a new Motion. He filed the new Motion on December 7, 2015.[1] Thereafter, he sought and received an opportunity to submit additional materials.[2] The Motion has been fully briefed and is ripe for review. For the following reasons, Defendant's Motion will be denied.

### OPINION

I. **LEGAL STANDARDS**

---

[1] This matter was transferred to my docket on November 30, 2016.
[2] During the time provided for supplementary materials, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, a Motion for Bail Pending Motion to Dismiss, and a Motion to Compel Production of Grand Jury Materials. These Motions were denied by separate Orders dated May 9, 2017. Defendant then sought reconsideration of those Orders, which request was denied on June 15, 2017. Defendant filed a Notice of Appeal of the June 15, 2017 Order. A reissued mandate affirming the Order was placed on the docket on November 1, 2017.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Further, pro se pleadings are to be liberally construed, and I have considered Defendant's submissions accordingly. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

### A. Timeliness

The Government first challenges the timeliness of Defendant's Motion. Defendant filed a Motion to Vacate on 8/11/15. He withdrew his first Motion, pursuant to Miller notice, and elected to file a new Motion on December 7, 2015, within the deadline set by the Court. He then supplemented that Motion on February 24, 2016. The Government acknowledges that the initial Section 2255 Motion was timely filed. I will consider Defendant's substitute Motion, and the supplement thereto, timely.

### B. Waiver

The Government next contends that Defendant, in his plea agreement, waived his right to file a Motion to Vacate.

In this Circuit, generally speaking, waivers of the right to collateral attack are valid if entered into knowingly and voluntarily. United States v. Khattak, 273 F.3d 557, 558 (3d Cir.

2001); United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008).[3] Claims challenging the voluntariness of a collateral attack waiver, or the effectiveness of counsel with respect to the waiver itself, may survive the waiver. United States v. Whitaker, 2005 U.S. Dist. LEXIS 23884, at **5-6 (E.D. Pa. Oct. 18, 2005). Similarly, courts will consider an ineffectiveness claim that relates directly to the negotiation of the waiver itself. United States v. Fagan, No. 2-75, 2004 U.S. Dist. LEXIS 22456, at **9-11 (E.D. Pa. Oct. 4, 2004). In other words, unless the negotiation of the waiver itself was tainted, the waiver may be upheld. Id.

In this context, it is worthwhile to note the Supreme Court's observation that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Otherwise stated, "absent clear and convincing evidence to the contrary, a court must presume the veracity of a defendant's statements made while under oath in open court." Morris v. United States, No. 04-1570, 2008 U.S. Dist. LEXIS 31295, at *14 (D. Del. Apr. 16, 2008). Consistent with these principles is the "fundamental interest in the finality of guilty pleas." Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

At the plea colloquy, the following exchanges occurred:

> GOVERNMENT: [summarizes terms of plea agreement.] Kenneth Michael further waives the right to file a motion to vacate the sentence under 28 United States Code, Section 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence. …On Page 6, the defendant acknowledges he has received the letter from his attorney, that he himself has read it, and that he has discussed it with his attorney. He also acknowledges that there are not additional promises or representations made to him. It is signed thereafter by the defendant and his counsel, your honor.

---
[3] Although the ethics of such waivers have been called into question, they remain valid and enforceable in this District. United States v. Gardner, No. 9-180, 2015 U.S. Dist. LEXIS 103762, at **13-15 (W.D. Pa. Aug. 7, 2015).

***

COURT: Furthermore, you're waiving your right to file a motion to vacate your sentence under 28 United States Code, 2255, attacking your conviction or sentence, and the right to file any other collateral proceeding attacking your conviction or sentence. You understand that, sir?

DEFENDANT: Yes, sir.

COURT: Were the terms of the plea agreement stated by counsel for the government…accurate and consistent with your understanding of the plea agreement?

DEFENDANT: Yes, sir.
***
DEFENSE COUNSEL: [discusses prior plea letters.] And I had, also had ample time to discuss with him the terms and conditions of this plea letter that are the subject of today's proceeding and dated with today's date, January 8, 2014.

COURT: Is that accurate, Mr. Michael?

DEFENDANT: Yes, it is.

Transcript of January 8, 2014 Plea Hearing ("Plea Transcript"), pp. 20, 22-23, 25.

At several points during the plea hearing, Defendant indicated that he required clarification on various points. He did not do so at any time, however, regarding the waiver. Moreover, Defendant does not aver that counsel was ineffective regarding the waiver itself, and does not allege that the waiver was unknowing or involuntary. Defendant indicated on the record that he understood the waiver. At no time during the proceeding did Defendant suggest that he was misadvised about the waiver, or that it was in any way coerced.

I will, however, also look to whether enforcing the waiver would work a miscarriage of justice. In so doing, I am to consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." United States v. Mabry, 536 F. 3d 231, 242 (3d

4

Cir. 2008) (quoting United States v. Teeter, 257 F. 3d 14, 25-26 (1st Cir. 2001)). Courts are to apply the miscarriage of justice exception "sparingly and without undue generosity." United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting Teeter, 257 F.3d at 26).

Considering these factors, enforcing the waiver in this case does not work a miscarriage of justice. For example, as discussed infra, the alleged errors are far from clear. Defendant acquiesced in the result and did so on the record, the alleged errors do not relate to the validity of the underlying conviction, and invalidating the plea, which was entered the morning trial was slated to begin, would have a significant impact on the Government. There are no grounds on which to invalidate the waiver.

c. **Ineffective Assistance**

As a separate matter, absent the waiver, Defendant would not be entitled to relief.[4] Defendant submits numerous instances of alleged ineffectiveness, including the following: counsel failed to file a timely notice of appeal; failed to properly prepare defendant regarding safety valve criteria; failed to object to various stipulations in the plea agreement (in particular, the mandatory minimum and the guidelines range); failed to present mitigating factors at sentencing; and failed to object to items included in the presentence report.[5]

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that

---

[4] "[T]he Third Circuit has exercised its jurisdiction to consider ineffective assistance of counsel claims even when a plea agreement bars such a collateral attack,...and an adjudication on the merits is always preferable." Madison v. United States, No. 13-138, 2016 U.S. Dist. LEXIS 57665, at *4 n. 1 (D.N.J. Apr. 28, 2016).

[5] Some of Defendant's objections relate to the context of the proceedings, rather than counsel's conduct. For example, Defendant recounts that the plea negotiations and proceedings occurred during a time of great personal stress to him, with tragic effects on his family. While the Court empathizes with Defendant's situation, these are not situations that are capable of redress through habeas relief.

should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13. The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 700.

Although each of Defendant's challenges is not separately addressed here, I have carefully reviewed the available transcripts, the parties' submissions, and the remainder of the record, including careful scrutiny of Defendant's allegations. Defendant's plea agreement provided for a stipulated sentence, which was the mandatory minimum sentence. Defendant does not suggest that an appeal would have fallen outside of the scope of his appellate waiver, and thus been permissible.[6] To the extent that the grounds for appeal would have mirrored those asserted here, they fall within the scope of that waiver. Regarding Defendant's safety valve allegations, the Government represents that Defendant refused to cooperate or make a safety valve proffer at pertinent times, and did not notify the Government of his intention to plea in time to justify a three-level adjustment for acceptance of responsibility. On the record as a

---

[6] The plea colloquy reflects that Defendant's plea agreement also contained an appellate waiver, which was summarized and reviewed on the record by both the Government and the Court; Defendant indicated that he understood these provisions. Plea Transcript, pp. 19, 22-23. Although the validity of the appellate waiver is not directly before the Court, there is no indication or allegation that the appellate waiver is invalid. To the extent that Defendant seeks reinstatement of his right to appeal, he has stated no grounds that would permit such relief.

6

whole, I cannot conclude that counsel's performance fell below the wide range of reasonably competent assistance, in any of the instances alleged. Likewise, there are simply no grounds for finding a reasonable probability that the outcome of the proceedings would have been different, had counsel acted differently in the instances alleged. Defendant's allegations, in each particular, are insufficient to overcome the strong presumption that counsel acted reasonably, so as to warrant relief. In sum, had Defendant not waived his right to bring the present Motion to Vacate, the Motion would be denied on substantive grounds.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." When a district court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if jurists of reason would find the district court's procedural ruling debatable, and the petition states a valid claim that constitutional rights were denied. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). No certificate of appealability shall issue in this case.

**CONCLUSION**

In conclusion, Defendant has not demonstrated a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. He has waived his right to bring a Section 2255 Motion, and had ne not, the Motion would be denied on substantive grounds. No certificate of appealability will issue. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: January 4, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR 9-105 |
| | ) CV 15-1594 |
| v. | |
| KENNETH MICHAEL | |

### ORDER

AND NOW, this 4th day of January, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

*/s/ Donetta F. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court