# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| --- | --- |
|  | ) CR 9-105 |
|  | ) CV 15-1594 |
| v. |  |
| KENNETH MICHAEL |  |

## MEMORANDUM ORDER

On August 1, 2018, Defendant filed a Motion to Reduce Sentence. The Court issued a briefing schedule stating that a reply to the Government's response, if warranted, was due by September 6, 2018. Defendant's Reply was docketed on September 11, 2018, after the Court denied his Motion to Reduce Sentence. In the interests of justice, and to ensure that the entirety of Defendant's argument has been taken into account, the Court has considered the contentions raised in Defendant's Reply, and assessed whether they warrant reconsideration of the denial of his Motion. In his Reply, Defendant contends that the Government has failed to demonstrate that he agreed, in his plea agreement, to a mandatory minimum sentence. The fact remains, however, that Defendant was so sentenced.

> "Every Circuit to consider the question agrees that offenders sentenced to statutory minimum terms of imprisonment (where the two narrow exceptions to statutory minimum sentences do not apply[)]...are ineligible for sentence reductions under recent retroactive amendments to the Guidelines drug-sentencing provisions."

United States v. Summerville, No. 08-603, 2016 U.S. Dist. LEXIS 62110, at *4 (E.D. Pa. May 10, 2016) (citations omitted).

In Koons v. United States, 138 S. Ct. 1783, 1787, 201 L. Ed. 2d 93 (2018), the United States Supreme Court noted that a Guidelines range can be "overridden" by "a congressionally mandated minimum sentence." It further stated as follows:

1

> It is true that our cases require sentencing judges to calculate the now-advisory Guidelines range in every sentencing proceeding... [I]t does not follow that any sentence subsequently imposed must be regarded as "based on" a Guidelines range. What matters, instead, is the role that the Guidelines range played in the selection of the sentence eventually imposed—not the role that the range played in the initial calculation. ...[W]hile consideration of the ranges may have served as the "starting point" in the sense that the court began by calculating those ranges, the ranges clearly did not form the "foundation" of the sentences ultimately selected.

Id. at 1789.

For these reasons, having reviewed Defendant's Reply, the Court reaffirms its Order denying Defendant's request for relief pursuant to Section 3582.

AND NOW, this 20th day of September, 2018, IT IS SO ORDERED.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court